**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JERRY GEZA TOTH and FATMIRA TOTH, individually and as next friends of HENRY TERENCE TOTH,<br><br>Plaintiffs,<br><br>– against –<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>Defendant. | Case No. 26-cv-6025<br><br>**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF TO ENFORCE PENDENCY UNDER 20 U.S.C. § 1415(j)**<br><br>Related cases:<br>25-cv-3317; 21-cv-4245 |

Plaintiffs Jerry Geza Toth and Fatmira Toth ("Parents"), individually and as next friends of their son Henry Terence Toth ("Terence"), by Jerry Geza Toth, an attorney admitted to practice before this Court, appearing pro se on his own claims and as counsel for Plaintiffs, for their Verified Complaint against Defendant New York City Department of Education ("DOE" or "the Department"), allege as follows:

## PRELIMINARY STATEMENT

1. This action seeks to enforce a binding pendency order that the Department has left unimplemented and that the administrative tribunal which issued it has stated, in writing, it has no power to enforce.

2. On July 15, 2026, Impartial Hearing Officer ("IHO") Denise Verzella of the New York City Office of Administrative Trials and Hearings ("OATH"), in IHO Case No. 311525 (NYSED Case No. 684970), issued an Order on Pendency directing that Terence's pendency program include, among other things, twenty hours per week of home-based 1:1 Applied Behavior Analysis ("ABA") therapy on a twelve-month basis, retroactive to June 24, 2026 and continuing until the conclusion of the case (the "Pendency Order").

3. Terence is a young man with Autism Spectrum Disorder. He cannot learn without 1:1 instruction. Since the end of July 2026, the Department has delivered none of the twenty weekly hours Terence's Pendency Order requires. A qualified replacement provider, Manhattan Psychology Group, PC ("MPG"), submitted a written authorization request to the Department on September 11, 2026 and followed up twice, most recently on September 22, 2026. The Department acknowledged receipt of the request. The Department has not approved MPG, objected to MPG, identified another provider, nor answered MPG's requests for a decision.

4. Plaintiffs asked IHO Verzella for leave to move to enforce the Pendency Order. The Department's hearing representative responded that the hearing was not the right forum for enforcement of pendency. On September 25, 2026, IHO Verzella declined leave. The IHO wrote "I do not have jurisdiction over enforcement of pendency orders."

5. The IDEA's stay-put provision, 20 U.S.C. § 1415(j), operates as an automatic preliminary injunction. *Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982). The Department's obligation is not in dispute; it is simply not being performed. Plaintiffs ask this Court to declare the Department in violation of § 1415(j) and to order the Department to deliver the ordered services now, together with compensatory services for hours already lost.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., including 20 U.S.C. §§ 1415(i)(3)(A) and 1415(j), and under 42 U.S.C. § 1983; and under 28 U.S.C. § 1343(a)(3)–(4).

7. This Court has supplemental jurisdiction over Plaintiffs' state-law claim under 28 U.S.C. § 1367(a) because it forms part of the same case or controversy.

8. This Court may grant declaratory relief under 28 U.S.C. §§ 2201–2202 and injunctive relief under Fed. R. Civ. P. 65 and 20 U.S.C. § 1415(i)(2)(C)(iii).

9. Venue lies in this District under 28 U.S.C. § 1391(b)(1) and (2) because Plaintiffs and Terence reside in Queens County, within this District; the Department operates in this District; and the events giving rise to the claims — including the non-delivery of home-based services at Plaintiffs' home — occurred in this District.

## PARTIES

10. Plaintiffs Jerry Geza Toth and Fatmira Toth are the parents of Terence and reside with him in Queens County, New York, within Community School District 25. Plaintiffs are "parents" within the meaning of 20 U.S.C. § 1401(23), were the petitioners in IHO Case No. 311525, and are the parties in whose favor the Pendency Order runs. They sue in their own right to enforce their independent rights under the IDEA, *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007), and as next friends of Terence under Fed. R. Civ. P. 17(c)(2).

11. Henry Terence Toth was born in 2007. He is a "child with a disability" within the meaning of 20 U.S.C. § 1401(3), classified with autism, and remains eligible for special education services under N.Y. Educ. Law § 4402. He attends Gersh Academy, a private special education school. He is the subject of IHO Case No. 311525 and of the Pendency Order. Because of Autism Spectrum Disorder and significant language deficits, Terence is incapable of understanding or managing litigation. No general guardian, committee, or conservator has been appointed for Terence. Plaintiffs, who live with him and have represented his educational interests throughout his schooling. We are dedicated to his best interests. We have no interest adverse to Terence.

12. Defendant New York City Department of Education is the local educational agency for the City School District of the City of New York within the meaning of 20 U.S.C. § 1401(19),

with its principal offices at 52 Chambers Street, New York, New York 10007. It receives federal IDEA funds and is responsible for providing Terence a free appropriate public education and for implementing orders issued in impartial hearings concerning him.

**STATUTORY FRAMEWORK**

13. The IDEA's pendency or "stay-put" provision directs that, during the pendency of any proceedings conducted under 20 U.S.C. § 1415, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement. 20 U.S.C. § 1415(j); 34 C.F.R. § 300.518(a). New York law imposes the same obligation. N.Y. Educ. Law § 4404(4)(a).

14. The Second Circuit treats § 1415(j) as an automatic preliminary injunction that applies without regard to the traditional equitable factors and without regard to the merits of the underlying dispute. *Zvi D.*, 694 F.2d at 906; *Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 386 F.3d 158, 160–61 (2d Cir. 2004).

15. A school district must provide the services mandated by the pendency placement in full, and a district that fails to do so may be ordered to reimburse the cost of, or to provide compensatory services for, the pendency services it failed to deliver. *Doe v. East Lyme Bd. of Educ.*, 790 F.3d 440, 452–57 (2d Cir. 2015).

16. A district retains authority over how pendency services are delivered, but that authority is exercised by furnishing the services, not by withholding them. *See Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519 (2d Cir. 2020).

17. Pendency relief is designed to preserve the status quo while proceedings are underway. An action alleging a violation of § 1415(j) is not subject to the IDEA's exhaustion

requirement, 20 U.S.C. § 1415(l). *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002).

18. Impartial hearing officers and State Review Officers lack authority to enforce their own orders; a party who obtains a favorable administrative order may enforce it in court. *See A.R. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 76, 78 n.13 (2d Cir. 2005).

## STATEMENT OF FACTS

### A. Terence's Disability and Educational Needs

19. "The centerpiece of the IDEA's education delivery system is the individualized education program, or IEP." *Murphy*, 297 F.3d at 197. For each of the past three school years, the Department has not offered Terence an IEP. In each of those three years without IEPs, Parents filed complaints seeking an appropriate educational placement.

20. Terence has been diagnosed with Autism Spectrum Disorder, Level 3 (requiring very substantial support), together with attention-deficit/hyperactivity disorder and pica — the ingestion of non-edible objects. His school's Licensed Behavior Analyst rates the pica severe and dangerous. Terence has significant language-based deficits. Without 1:1 instruction, Terence cannot learn and progress. With 1:1 instruction, Terence learns and makes significant progress. In 1:1 instruction, a math teacher taught Terence to calculate the volume of a sphere.

21. Terence's educational placement consists of Gersh Academy plus twenty hours per week of home-based 1:1 ABA. The home-based hours provide the one-to-one specially designed instruction through which Terence acquires academic, communication, daily-living, and vocational skills he has not yet mastered, coordinated with his school program under a Functional Behavior Assessment and Behavior Intervention Plan prepared by a New York State Licensed Behavior Analyst, so that school and home instruction are one program.

22. Terence will lose eligibility for a public education on reaching age twenty-two. Every week of instruction he misses comes out of a fixed and shrinking period of remaining eligibility and cannot be recovered.

**B. The Pendency Program**

23. Parents and the Department have litigated Terence's educational program in yearly impartial hearings since 2012. In each year, the Department has proposed assigning Terence to public schools without sufficient 1:1 instruction. Parents have presented witnesses and educators establishing that Terence cannot learn and progress without 1:1 instruction. Despite this uncontradicted evidence that Terence's needs a 1:1 teaching ratio, the Department this year proposed for Terence a 12-student class.

24. In the last unappealed decision between the parties addressing Terence's program on the merits, IHO Case No. 248309 (2023–2024), IHO Edward Perkins issued Findings of Fact and Decision dated April 2, 2024, awarding, among other things, twelve-month tuition at Gersh Academy, speech-language therapy, and the following (Exhibit G):

> "The DOE is hereby ordered to fund 20 hours per week of home-based 1:1 ABA therapy for the duration of the 2023-2024 12-month school year, to be provided by a qualified provider of Parent's choosing, at a reasonable market rate not to exceed that which the DOE has been ordered to pay for similar services within six (6) months of the date of this order, less any amount already paid pursuant to a pendency order or agreement, such payment to be made within thirty (30) days of the submission of documentation to the DOE's office of implementation."

25. That unappealed decision is final. An unappealed decision in the parents' favor establishes the student's then-current educational placement for purposes of § 1415(j). In the 2024-2026 and 2025-12026 school years, the Department's own pendency forms have incorporated that placement.

26. In Terence's most recent completed proceeding, IHO Case No. 295741 (2025–2026), IHO Michael Das ordered on January 9, 2026 that Terence "shall be provided with 20 hours of home based ABA services with a provider of parent's choosing at an enhanced market rate." (Exhibit H.) IHO Das reaffirmed the placement IHO Perkins had ordered.

27. For the 2026–2027 school year — for a third consecutive year — the Department issued no IEP for Terence. The Department did not evaluate Terence's individual needs.

28. On June 24, 2026, Parents filed a due process complaint for the 2026–2027 school year, docketed as IHO Case No. 311525, assigned to IHO Verzella.

29. The Department was given an opportunity to state its position on pendency on July 1, 2026 and did not provide one.

30. On July 15, 2026, IHO Verzella issued the Pendency Order. Based on the unappealed and final decision in Case No. 248309, the Pendency Order mandates (a) twelve-month tuition at Gersh Academy; (b) speech-language therapy 1x30 minutes per week, twelve months, if not provided by Gersh Academy within tuition; and (c) ABA therapy, twenty hours per week, home-based, 1:1, twelve months. The Pendency Order is retroactive to June 24, 2026 and continues until the conclusion of the case unless modified by subsequent order or agreement. A copy is annexed as Exhibit A (date of birth redacted).

31. The Pendency Order does not designate a particular ABA provider. The decision on which the Pendency Order rests directs that the home-based ABA be provided by "a qualified provider of Parent's choosing."

32. The Department did not seek review of the Pendency Order by a State Review Officer. No order or agreement has modified the Pendency Order.

33. IHO Case No. 311525 remains pending. The next scheduled hearing date is October 20, 2026.

**C. The Department Is Not Delivering the Ordered ABA Hours**

34. New York Applied Behavior Analysis LLC ("NYABA"), of which Plaintiff Fatmira Toth is the sole owner, delivered home-based services to Terence through June 2026. The Department suspended payment to NYABA in February 2026 and paid nothing since; NYABA carried the services without payment through June 30, 2026, but could not continue into the 2026-2027 school year. The parent's LLC has wound down and will submit no invoices under the Pendency Order.

35. Since July 1, 2026, the Department has neither delivered nor funded any of the ordered twenty weekly hours. Fragmentary instruction Parents privately arranged in the interim, at their own initiative, without Department funding, is a fraction of the ordered program and unsustainable.

36. On or before July 31, 2026, Plaintiff Jerry Toth contacted MPG, a professional corporation whose clinical leadership includes Michelle Charles, MA, BCBA, LBA, its Clinical Director of Behavioral and Educational Services, and Ariel Kornblum, PsyD, BCBA, LBA, its Senior Director of Clinical Operations — each a New York State Licensed Behavior Analyst. Parents asked whether MPG could employ some or all of Terence's existing home team or, alternatively, assign new providers, with services authorized and billed through MPG. (Exhibit F.) MPG confirmed that it is ready, willing, and able to deliver twenty hours per week of home-based 1:1 ABA to Terence immediately upon authorization.

37. On September 11, 2026, Ms. Charles submitted to the Department's IU Authorization team (IUAuthorization@schools.nyc.gov) a written request titled "PRO SE

VENDOR REQUEST: 311525," asking the Department to authorize MPG to deliver Terence's pendency ABA services, with Parents copied to confirm. (Exhibit B.)

38. The IU Authorization team replied confirming receipt. Ms. Charles then asked the Department for an anticipated timeline for authorization, noting that the school year had begun and Terence was without services. (Exhibit C.)

39. On September 22, 2026, Dr. Kornblum followed up in writing to the IU Authorization team: "We have a team ready to provide these much needed services. Please advise on authorization." (Exhibit D.)

40. Apart from acknowledging receipt, the Department has not responded to MPG's request or to either follow-up. As of the date of this Complaint, it has not approved MPG, has not stated any objection to MPG, has not identified any other provider, has offered no lawful basis for withholding authorization, and has not otherwise arranged for delivery of the twenty weekly hours.

41. Measured by the Department's performance, not one of the ordered hours has been Department-funded or Department-delivered since the Pendency Order issued. Measured by delivery to Terence, from August 1, 2026 through the end of September 2026 approximately eight weeks — about 160 hours — of ordered home-based ABA have not been delivered. The deficit grows by twenty hours every week.

**D. The IHO Declined to Enforce Her Own Pendency Order**

42. On September 25, 2026, Plaintiffs requested leave from IHO Verzella to file an emergency motion to enforce the Pendency Order.

43. At 10:57 a.m. on September 25, 2026, the Department's hearing representative, Michael Kobbe, responded by email that the hearing was not the right forum for enforcement of pendency.

44. At 1:15 p.m. on September 25, 2026, IHO Verzella declined to allow the motion. She wrote: "I do not have jurisdiction over enforcement of pendency orders," citing Application of a Student with a Disability, Appeal No. 24-636, which she described as holding that an order to pay for private services received during pendency is a claim for enforcement of a pendency order that is not allowed in the administrative forum. She stated that the email chain would be made part of the record. (Exhibit E.)

45. The administrative bodies therefore cannot compel the Department to implement the Pendency Order dated July 15, 2026.

## EXHAUSTION IS NOT REQUIRED

46. This action alleges a violation of the stay-put provision and seeks only to enforce an existing pendency order. Such claims are exempt from exhaustion. *Murphy*, 297 F.3d at 199.

47. Independently, exhaustion would be futile and inadequate. Parents filed a due process complaint, obtained a pendency order, and sought emergency enforcement from the IHO. The IHO has stated in writing that she lacks jurisdiction to enforce the order, the Department's own representative has taken the position that the hearing is not the forum for enforcement, and the State Review Officer decision on which the IHO relied treats such relief as unavailable administratively. *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112–14 (2d Cir. 2004).

48. Requiring further administrative proceedings would also expose Terence to severe and irreversible educational harm: each week of delay removes twenty hours of ordered instruction from his remaining period of eligibility, and no administrative relief is available before the October 20, 2026 hearing, if at all.

49. Plaintiffs do not ask this Court to review any ruling of IHO Verzella or to decide any merits question pending in IHO Case No. 311525. They ask only that the Department be

required to do what the Pendency Order already requires: implement the operative placement ordered by IHO Perkins in Case No. 248309 (2023–2024) and reaffirmed by IHO Das in Case No. 295741 (2025–2026).

## CLAIMS FOR RELIEF

**COUNT I — Violation of the IDEA's Stay-Put Provision, 20 U.S.C. § 1415(j); 34 C.F.R. § 300.518.**

50. Plaintiffs repeat and reallege paragraphs 1 through 49.

51. IHO Case No. 311525 is a proceeding conducted pursuant to 20 U.S.C. § 1415 and remains pending. Terence's then-current educational placement during that proceeding is the program set out in the Pendency Order, including twenty hours per week of home-based 1:1 ABA on a twelve-month basis.

52. Plaintiffs and the Department have not agreed to any other placement.

53. Since August 1, 2026, the Department has failed to provide or fund any of the ordered home-based ABA, has failed to act on MPG's request for authorization, and has failed to furnish any alternative provider.

54. The placement established by the unappealed decision in Case No. 248309, and carried forward by the Pendency Order, provides for home-based ABA by a qualified provider of Parents' choosing. Parents have chosen MPG, a qualified provider whose clinical leadership consists of New York State Licensed Behavior Analysts. The Department has identified no deficiency in MPG and no provider of its own. Whatever discretion the Department has over how pendency services are delivered, it has no discretion to deliver none of them.

55. The Department has thereby violated, and continues to violate, 20 U.S.C. § 1415(j) and 34 C.F.R. § 300.518, causing Terence ongoing loss of ordered instruction for which Plaintiffs have no adequate remedy at law.

**COUNT II — 42 U.S.C. § 1983 (pleaded in the alternative)**

56. Plaintiffs repeat and reallege paragraphs 1 through 55.

57. The Department, acting under color of state law, has deprived Terence and Plaintiffs of rights secured by 20 U.S.C. § 1415(j) by failing to implement the unappealed final decision in IHO Case No. 248309 dated April 2, 2024 and the Pendency Order in IHO Case No. 311525 dated July 15, 2026, which the administrative tribunal has declared it cannot enforce.

58. The Department's policy, practice, or custom of silence in response to provider authorization requests for pendency services caused the violation of Terence's pendency rights.

59. Plaintiffs are entitled to declaratory and injunctive relief under 42 U.S.C. § 1983.

**COUNT III — N.Y. Education Law § 4404(4)**

60. Plaintiffs repeat and reallege paragraphs 1 through 59.

61. N.Y. Educ. Law § 4404(4)(a) independently requires that, during the pendency of proceedings, the student remain in the then-current educational placement.

62. The Department's failure to deliver the home-based ABA component of the Pendency Order violates § 4404(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment and interim relief:

(a) Permitting Plaintiffs to prosecute Terence's claims as his next friends under Fed. R. Civ. P. 17(c)(2) or, in the alternative, appointing the parents his guardians ad litem for this action;

(b) Declaring that the Pendency Order dated July 15, 2026 in IHO Case No. 311525 establishes Terence's pendency placement under 20 U.S.C. § 1415(j), and that the Department has violated § 1415(j), 34 C.F.R. § 300.518, and N.Y. Educ. Law § 4404(4) by failing to deliver the ordered home-based ABA;

(c) Temporarily restraining and preliminarily and permanently enjoining the Department to implement the home-based ABA component of the Pendency Order until the conclusion of IHO Case No. 311525 and any appeals, by, within two business days of the Court's order, either (i) authorizing MPG to deliver twenty hours per week of home-based 1:1 ABA to Terence and issuing the authorization and payment documents needed for MPG to begin; or (ii) furnishing, at the Department's expense, another qualified provider that begins delivering those hours within five business days; and directing that, if the Department does neither, MPG shall be deemed authorized;

(d) Directing the Department to fund the ordered services and to pay the authorized provider's invoices for pendency services within thirty days of receipt;

(e) Awarding compensatory home-based 1:1 ABA equal to all ordered hours not delivered from August 1, 2026 through the first day of authorized delivery, to be delivered by the authorized provider at the Department's expense and usable until exhausted;

(f) Directing the Department to file a declaration of compliance within seven days of the Court's order;

(g) Retaining jurisdiction to supervise implementation of the Court's order;

(h) Awarding Plaintiffs reasonable attorneys' fees and costs under 20 U.S.C. § 1415(i)(3)(B) and 42 U.S.C. § 1988, together with the costs and disbursements of this action; and

(i) Granting such other and further relief as the Court deems just and proper.

Dated: Flushing, New York
September 29, 2026

Respectfully submitted,

Jerry Toth

Jerry Geza Toth
Law Office of J. G. Toth
43-32 Kissena Blvd., Suite 15B
Flushing, New York 11355
(917) 576-9318
tothjerry1@gmail.com
*Plaintiff Pro Se and Attorney for Plaintiffs*

## VERIFICATION

Jerry Geza Toth declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

I am a Plaintiff in this action and the father of Henry Terence Toth. I have read the foregoing Verified Complaint. The facts stated in it are true to my own knowledge, except those stated upon information and belief, which I believe to be true. The sources of my knowledge are my personal involvement in Terence's education and the proceedings described, and the documents annexed as exhibits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2026, at Flushing, New York.

Jerry Toth
Jerry Geza Toth